PEOPLE *ex rel.* BLIEL *v.* MARTIN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

MANDAMUS—TO MUNICIPAL BOARDS—DISCRETIONARY ACTS.

    *Mandamus* will not lie to compel the board of police commissioners of the city of New York to place the widow of a deceased police officer upon the police pension fund roll, the power of the board to grant pensions, in certain cases, being merely discretionary, and there being nothing which requires them in any case to exercise that power in favor of any applicant.

Appeal from special term, New York county.

Caroline E. Bliel appeals from an order denying her motion for a *mandamus* directing the board of police commissioners of the city of New York to grant her a pension as the widow of a deceased police officer.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George F. Langbein,* for appellant.

VAN BRUNT, P. J. The relator seems to present a very meritorious case, but we do not see how this court can interfere with the absolute discretion vested by law in the respondent. The law clothes the board with power in its discretion to grant pensions in certain cases to widows of members of the police force. The law does not give the widows pensions to be withheld by the commissioners in their discretion, but it clothes the commissioners with power to grant pensions in certain cases if they so please, and I know of no power which can compel them to be pleased to grant a pension. The cases cited by the learned counsel, and which he has gathered with so much industry, do not

seem to have any application to the case at bar. In the cases cited the party applying had some right to call upon the court or judge to act. He was a party to an action or proceeding, and therefore had a right to be heard. Whereas, in the case at bar, a power to act is conferred, but no obligation to exercise this power is imposed. Indeed, the argument that the granting of the power raises the presumption that, when the conditions are fulfilled, the power must be exercised, is expressly repelled by the insertion of the words "in its discretion." When the board think a proper case arises for a pension, they have power to grant it; but there is nothing which requires them, in any case, to exercise that power in favor of any applicant. We think that the order appealed from should be affirmed, with costs. All concur.